SACK, Judge.
Appellants, on behalf of themselves and all others similarly situated, sought to enjoin the operation by appellees of a commercial hog raising farm in the community of Dinsmore, Florida. The lower court enjoined some of the defendants’ activities, but denied the rest of the relief requested and this appeal follows. Voluminous testimony was heard by the court from thirty-five witnesses, including certain experts in the field of health and sanitation, from which the court found the following:
The property constituting the farm is located in a section of the county which had been zoned “Agricultural A” for many years, and numerous families located in the community maintained a cow or chickens or two or three hogs upon their particular premises. Also located in the community are approximately ten dairy farms, and two miles from the defendants’ farm was located another hog raising farm, equal in size, or larger, to that of the defendants. Commercial hog raising had been carried *611 on at this particular location for over fifteen years by other owners of the premises, although the previous owners did not maintain as large a number of hogs as do the present defendants. On the premises the defendants maintained a cooking plant for the boiling of large quantities of animal offal, slops and garbage obtained from slaughter houses, packing houses and residents, and the daily cooking of this material gave off some offensive and nauseating odors which permeated the air at the farm to some degree at certain times, depending upon the atmospheric conditions and the direction of the wind. At the time of the trial the defendants had approximately 700 hogs located on the premises and they expected to increase this number in the near future to approximately 1,500.
There was much divergent testimony from the various witnesses who lived in the locality as to the smelling of offensive odors and the hearing of distracting noises emanating from the farm. On the other hand, expert testimony was given by employees of the State Department of Agriculture, the State Board of Health, and the State Veterinarian to the effect that the farm was being operated under the most modern and approved methods, and that the operations conformed to all requirements prescribed by the State of Florida and Duval County; and these experts testified that this particular farm could be classified as a model commercial hog raising farm which could be used as a criterion for all other similar enterprises.
Although many witnesses on behalf of the plaintiffs testified that the noises and smells from this farm greatly interfered with their enjoyment, comfort, health and well-being in the use of their own properties, and that the cooking of the offal and garbage caused offensive stenches or odors, as well as the breeding of many flies, contradictory testimony to such claims was given by a number of witnesses, including highly qualified experts, on behalf of the defendants.
The court enjoined the following activities: (a) the use of metal containers for the transportation of offal and garbage to the farm; (b) the maintaining on the premises of more than 1,000 head of hogs at any time; and (c) the cooking of offal and garbage at any time except between the hours of 11:00 P.M. to 2:00 A.M. in any twenty-four hour period.
In Beckman v. Marshall, Fla.1956, 85 So.2d 552, the Supreme Court, in considering the general law governing nuisance adopted this general test:
“The test of the permissible use of one’s own land is not whether the use or the act causes injury to his neighbor’s property, or that the injury was the natural consequence, or that the act is in the nature of a nuisance, but the inquiry is, Was the act or use a reasonable exercise of the dominion which the owner of property has by virtue of his ownership over his property? having regard to all interests affected, his own and those of his neighbors, and having in view, also, public policy.”
Clearly the defendants’ use of the property for hog raising purposes was not a prohibited or illegal act, per se. Thus the solomonic question presented to the Chancellor was how to adjust the rights and equities of all the parties, with due regard to all interests affected, both the plaintiffs’ and the defendants’. We are of the view that his disposition of the matter was just and reasonable and appellants have failed to demonstrate any abuse of discretion or clear error.
Accordingly, the decree appealed from is affirmed.
RAWLS, C. J., and JOHNSON, J., concur.